

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# Cahyadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cahyadi v. Atty Gen USA" (2005). *2005 Decisions.* Paper 936.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/936

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-3206

SONNY CAHYADI,
Petitioner

v.

* ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
Respondent

*(Pursuant to Fed. R. App. P. 43(c))

On Appeal from a Final Order of the
Board of Immigration Appeals
No. A79-327-698

Submitted Pursuant to Third Circuit LAR 32.1(a)
June 28, 2005

Before: NYGAARD, SMITH, and FISHER, *Circuit Judges*

(Filed: June 30, 2005 )

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Sonny Cayhadi, a native and citizen of Indonesia, filed a claim for asylum,

withholding of removal, and relief under the Convention Against Torture.  The

Immigration Judge ("IJ") denied Cayhadi's claims, and the Board of Immigration Appeals ("BIA") affirmed without an opinion on April 21, 2004. Instead of filing a petition for review of the BIA's decision, Cahyadi filed a motion to reopen on June 7, 2004. The BIA denied Cahyadi's motion to reopen on July 6, 2004. Twenty eight days later, on August 3, 2004, Cahyadi filed a timely petition for review of the denial of his motion to reopen.

Cahyadi's brief, however, does not address the merits of the denial of his motion to reopen. Rather, he contends that the IJ erred in denying his asylum application. To obtain judicial review of the BIA's affirmance of the denial of his asylum application, Cahyadi had to file a petition for review within thirty days. 8 U.S.C. § 1252(b)(1). Cahyadi failed to satisfy this requirement.

We recognize that Cahyadi filed a timely motion to reopen and a petition for review of the denial of that motion. Cayhadi's motion to reopen, however, did not toll the limitations period for filing a petition for review of the BIA's order denying his claim for asylum. *Stone v. Immigration and Naturalization Service*, 514 U.S. 386 (1995). In *Stone,* the Supreme Court explained that former § 106(a)(6)[1] of the Immigration and Nationality Act "by its terms . . . contemplates two petitions for review and directs the courts to

---

[1]Former § 106(a)(6) provides: "Whenever a petitioner seeks review of an order under this section, any review sought with respect to a motion to reopen and reconsider such an order shall be consolidated with the review of the order." This section was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act enacted on September 30, 1996. Publ.L. 104-208, 110 Stat. 3009-546 (effective April 1, 1997), and replaced by § 242 which is nearly identical. *See* 8 U.S.C. §1252(b)(6).

consolidate the matters." 514 U.S. at 394. Thus, the Court rejected Stone's assertion that his motion to reopen rendered the underlying order non-final. Accordingly, in the absence of a timely petition for review of the BIA's April 21, 2004 order, we lack jurisdiction to consider the merits of Cahyadi's asylum claims.

We do, however, have appellate jurisdiction over the BIA's denial of Cahyadi's motion to reopen. The brief Cahyadi filed with this Court does not address the merits of his motion to reopen. Instead, it addressed the IJ's adverse credibility finding. Nowhere in the fourteen pages of Cahyadi's brief does he explain how the BIA abused its discretion by denying his motion to reopen. In *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994), we declared that "[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." Similarly, in *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993), we observed that the federal appellate rules and our local rules require appellants to set forth the issues raised on appeal and to present arguments in support thereof in their brief. We instructed that "[i]t is well settled that if an appellant fails to comply with those requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." *Id.* Here, Cahyadi has not complied with these requirements. For that reason, we will deny the petition for review.